IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF SOUTH
CAROLINA BEAUFORT DIVISION

| | |
|---|---|
| MATT COOK AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID SLAGLE, III<br><br>Plaintiff,<br><br>vs.<br><br>BLUELINX CORPORATION,<br><br>Defendant. | Case. No. 9:19-cv-01050-DCN<br><br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS |

The Plaintiff brings this action to recover damages caused when products of the Defendant fell on David Slagle, III, and crushed him to death. The Plaintiff contends that the product, as delivered by the Defendant, was in defective condition and such condition is the proximate cause of David Slagle, III's death. The Defendant contends that the product delivered was actually several products, none of which were defective individually. Effectively, even though the Defendant delivered their product in haphazard manner which proximately caused David Slagle's death, they should be let out of the case on a 12(b)(6) motion. Plaintiff shows that the Defendant's argument is wrong the motion to dismiss should be denied.

## STATEMENT OF FACTS

On March 6, 2016, David Slagle, III, was an employee of Blackmon Warehouse Systems, Inc., and worked as an assistant to a forklift operator. The Defendant, Bluelinx Corporation, is a manufacturer and seller of products and caused a shipment of plywood to be sent to Blackmon and David Slagle assisted in unloading the shipment. As a result of the way in which the shipment was packed by the Defendant, David Slagle was crushed to death by a falling shipment of plywood. The Defendant sent the shipment in a defective and inherently

1

dangerous manner. To wit, the Defendant caused the product to be defective in : a) packing the product in an unreasonable and ultra-hazardous manner; b) failing to provide instructions as to a safe means of unpacking the product; c) failing to anchor the plywood bales to the package; d) failing to provide warning of the hazardous condition inside the package; e) failing to conduct itself as a reasonable and prudent manufacturer and seller. The only issue for purposes of this motion is whether the plywood sheets were the product or whether the whole package was the product.

## LAW AND ANALYSIS

In ruling upon a motion to dismiss, the trial court should consider only the allegations set forth on the Plaintiff's complaint. A motion to dismiss pursuant to Rule 12(b)(6) should not be granted if the facts alleged and inferences reasonably deductible therefrom would entitle the Plaintiff to any relief on any theory of the case. The question is whether, in the light most favorable to the Plaintiff, and with every doubt resolved in Plaintiff's behalf, the complaint states any valid claim for relief. Further, the trial court should not dismiss the complaint merely because the trial court thinks the Plaintiff will not ultimately prevail. *See eg*. Plyer vs. Burns, 373 S.C. 637, 647 S.E.2d 188 (S.C., 2007)

One who sells a product in a defective condition unreasonably dangerous to the user or consumer is subject to liability for physical harm caused to the ultimate user or consumer. S. C. Code Ann. § 15-73-10 imposes strict liability upon the manufacturer or seller of a product for an injury to any user or consumer if the product reaches the user or consumer without substantial change in the condition in which it was sold. "User" includes those who are passively enjoying the benefit of the product as well as those who are doing work upon it, as in the case of an employee of the ultimate buyer who is making repairs on the automobile which he has purchased. "User" also includes persons who could foreseeably come into contact with

the dangerous nature of the product. Lawing v. Univar, USA, Inc., 415 S.C. 209, 781 S.E.2d 548 (S.C. 2015) *other cites omitted*.

*Lawing* is paraphrased in the Complaint, in anticipation of this Motion. The argument that the package and the product are separable, does not make logical sense, in that all products have to be separated from the package in order to be used or consumed. In the instant case the bales of plywood were packed like a puzzle, with some on the edge and some flat. The only feasible uploading process required a human inside the container. The bales on the flat side were removed, whenever some subtle movement caused the edgewise bales to topple onto the young man. To accept the Defendant's argument that the packaging and the product are separable would allow manufacturers or sellers to sell products which are safe in themselves, but deadly in the way in which they are packaged, and to escape liability for a horrible death such as the one in the instant case. Such a result gives a green light for sellers and manufacturers to ignore foreseeable dangers created by their products and conduct and cause individuals such as the deceased in this case to suffer horrible wrongs for which there is no remedy. That this motion is made at the pleading stage in the form of a 12(b)(6) motion adds insult to injury.

The Defendant cites the case of Branham v. Ford[1] 390 S.C. 203, 701 S.E.2d 5 (2010). *Branham* is an evidence case, not a pleading case. For a start, it is within the common knowledge of a layman that things on their side are more stable that things on their edge. The word 'purchased' has been enlarged beyond its literal meaning, and privity of contract has been thoroughly debunked as a principle of products liability law. Defendant has presented no evidence or assertion as to who owned the container when shipped or who would eventually own the empty. The Rubik's Cube of the plywood in the container is hardly factually similar to

---

[1] Branham is an enigma wherein the Court departed from the statutory authority of 402 of Restatement Second.

some loose granite piled on an open trailer, as in the case cited by Defendant. In fact, something sitting on an open trailer is not 'contained', nor is a pile a 'container', as in the other case cited by Defendant.

## **CONCLUSION**

For the foregoing, Plaintiff relies on the statutory adoption of 402 of Restatement Second, and the clear language of the South Carolina Supreme Court's decision in *Lawing*. Under the Defendant's argument, a manufacturer or seller has no liability for the way in which products are packaged no matter how unreasonably dangerous such packaging may be. The Court should dismiss the Defendant's 12(b)(6) motion and allow Plaintiff to seek recovery for the horrible death of David Slagle, III, and call Defendant to account for packaging their product in a manner which proximately caused the same.

Respectfully submitted.

                        LAW OFFICE OF
                        DARRELL THOMAS JOHNSON, JR., LLC

                         s/Darrell Thomas Johnson, Jr.
                        Fed ID#: 2190
                        Joshua R. Fester
                        Fed ID#:  12513
                        300 Main Street
                        Post Office Box 1125
                        Hardeeville, South Carolina 29927
                        (843) 784-2142
                        843-784-5770 (facsimile)
                        tdjohnson1@hargray.com
                        Attorneys for Plaintiff

May 1, 2019