# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| MATT COOK, as personal representative of the estate of David Slagle, III, | ) ) ) | |
| Plaintiff, | ) ) | No. 9:19-cv-01050-DCN |
| vs. | ) ) | **ORDER** |
| BLUELINX CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on defendant BlueLinx Corporation's ("BlueLinx") motion to dismiss, ECF No. 5. For the reasons set forth below, the court denies the motion and orders Cook to amend his negligence cause of action by July 1, 2019.

## I. BACKGROUND

BlueLinx is a manufacturer and seller of products and sent a shipment of plywood to Blackmon Warehouse Systems, Inc. ("Blackmon"). The plywood was shipped in a steel container. While the complaint does not describe in detail how the plywood was packed, it alleges that plywood "was in such a configuration as to be a crush danger to anyone in proximity." Compl. ¶ 20. David Slagle III ("Slagle") was employed by Blackmon, and on March 6, 2016, Slagle was assisting a forklift operator in unloading the plywood shipment. The complaint alleges that BlueLinx defectively designed, manufactured, and packed the steel container of plywood, and as a result, Slagle was killed while unloading the shipment.

Plaintiff Matt Cook ("Cook"), the personal representative of the estate of Slagle, instituted this action in the Court of Common Pleas for the County of Hampton, South

Carolina, bringing claims for products liability, negligence, and breach of implied warranty. BlueLinx removed the action to federal court on April 10, 2019 and filed a motion to dismiss on April 17, 2019, ECF No. 5. Cook responded on May 1, 2019, ECF No. 7, and BlueLinx replied on May 8, 2019, ECF No. 10. The motion is fully briefed and ripe for review.

## II. STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir.1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. DISCUSSION

BlueLinx argues that Cook's claims must be dismissed because his claims are based on theories of products liability but the container together with the plywood that filled it is not a "product" as defined by South Carolina law. The South Carolina Code provides that "[o]ne who sells any product in a defective condition unreasonably dangerous to the user or consumer . . . is subject to liability for physical harm caused to the ultimate user or consumer . . . ." S.C. Code Ann. § 15-73-10. This liability may be based upon theories of strict liability, negligence, and/or warranty. Bragg v. Hi-Ranger, Inc., 462 S.E.2d 321, 325 (S.C. Ct. App. 1995).

The South Carolina General Assembly has not defined the word "product," but it did explicitly incorporate the comments to § 402A of the Restatement (Second) of Torts into the legislative intent of the statute. S.C. Code Ann. § 15-73-30. Comment h, the comment on which the parties here rely, provides guidance on how an item and its container together may give rise to liability based on a defective product. It states that:

> The defective condition may arise not only from harmful ingredients, not characteristic of the product itself either as to presence or quantity, but also from foreign objects contained in the product, from decay or deterioration before sale, or from the way in which the product is prepared or packed. <u>No reason is apparent for distinguishing between the product itself and the container in which it is supplied; and the two are purchased by the user or consumer as an integrated whole.</u> Where the container is itself dangerous, the product is sold in a defective condition. Thus a carbonated beverage in a bottle which is so weak, or cracked, or jagged at the edges, or bottled under such excessive pressure that it may explode or otherwise cause harm to the person who handles it, is in a defective and dangerous condition. <u>The container cannot logically be separated from the contents when the two are sold as a unit, and the liability stated in this Section arises not only when</u>

<u>the consumer drinks the beverage and is poisoned by it, but also when he is injured by the bottle while he is handling it preparatory to consumption.</u>

Comment h to Restatement (Second) of Torts § 402A (emphasis added).

Here, Cook does not allege that the plywood itself was dangerous, nor does he allege that the container was dangerous. Instead, the "product" that forms the basis of his claims is the combination of the plywood and container. Cook alleges that these items together meet the definition of "product" under South Carolina law, citing language from § 402A that states that "no reason is apparent for distinguishing between the product itself and the container in which it is supplied . . . . The container cannot logically be separated from the contents . . . ." Compl. ¶ 7. However, Cook omits crucial language from these quotes. The full sentence of the first part of the quote is "[n]o reason is apparent for distinguishing between the product itself and the container in which it is supplied; <u>and the two are purchased by the user or consumer as an integrated whole.</u>" Comment h to Restatement (Second) of Torts § 402A (emphasis added). Therefore, the plywood and its container would have to have been purchased as "an integrated whole" in order to qualify as a "product" under South Carolina products liability law. Similarly, the full sentence of the second part of Cook's quote is "[t]he container cannot logically be separated from the contents <u>when the two are sold as a unit</u> . . . ." <u>Id.</u> (emphasis added). Therefore, reading these portions of comment h in context, a product and its container together are considered a "product" for the purposes of products liability when the two are purchased as "an integrated whole" and "sold as a unit." The example provided in comment h is illustrative—a carbonated beverage and its container, a bottle, are

considered together to be a product because the bottled beverage is sold together as an integrated whole.

Here, it is unclear from the complaint as to the role that the container played. If the container was just a container that was used to ship the plywood and was subsequently returned to BlueLinx or discarded, then the container and the plywood were not sold as a unit and clearly cannot be considered together as a "product." However, if Blackmon purchased, as an integrated unit, the container and the plywood, then the unit is a product. Because the complaint does not contain these details, the court is unable to determine at this stage of litigation whether the "product' as alleged by Cook is a product as defined by law.

South Carolina courts have not confronted this precise issue; however, BlueLinx cites to two cases in other states that involved similar facts and applied § 402A. While these cases did generally find that items at issue were not "products," the allegations in those cases are distinct from the allegations here. In Pereira v. N. Carolina Granite Corp., the plaintiff tripped over wooden dunnage boards that were used to transport granite curbs. 2011 WL 3891510, at *3 (Conn. Super. Ct. Aug. 5, 2011). The plaintiff "allege[d] that the products, the granite curbs, were loaded onto wooden dunnage boards at the time of shipment" and that the defendants "constructed, designed, prepared, assembled or fabricated 'the granite curbs and their packaging as separate pieces individually laid on top of dunnage boards instead of packaging them together in units of [two] or more curbs with dunnage boards strapped or otherwise adhered thereto, despite [their] opportunity and obligation to do so.'" Id. at *6. As a result, the plaintiff brought product liability claims against the defendants. The Connecticut Superior Court held that

5

"[t]he manner in which the defendants stacked the granite curbs on the wooden dunnage boards over which he tripped does not constitute a 'product' within the meaning of § 402A" because "the allegations do not concern the packaging of the granite curbs, but rather, the method in which they were shipped and stacked." Id. As such, the court explained, "the granite curbs and wooden dunnage boards were not an integrated whole where the container cannot be logically separated from the contents when the two are sold as a unit." Id. However, unlike the allegations in Pereira, Cook's allegations do relate to the packaging of the plywood. He alleges that the product was defective because BlueLinx "pack[ed] the product in an unreasonable and ultra-hazardous [ ] configuration or condition," "fail[ed] to anchor the plywood bales to the package," and failed to provide both instructions on safely unpacking the container and warnings about the hazardous condition of the plywood bales within the container. Compl. ¶ 13. Comment h indicates that a product may be defective "from the way in which the product is prepared or packed." While it appears that part of Cook's case may rest on the method in which the plywood bales were stacked and shipped,[1] the complaint contains sufficient allegations that relate to the packaging of the plywood bales so that the container and plywood bales could together be considered a product.

Similarly, in Perez v. Fidelity Container Corp., the plaintiff brought product liability claims based on allegations that unbounded stacks of collapsed cartons were

---

[1] The court notes that Cook provides greater explanation about how the plywood bales were packed in an allegedly dangerous manner in his response to BlueLinx's motion to dismiss. However, "it is well-settled that a complaint cannot be amended by plaintiff's briefs in opposition to a motion to dismiss." Sheppard v. LPA Grp., 2008 WL 444685, at *3 (D.S.C. Feb. 15, 2008). Therefore, the court cannot consider these additional details.

6

unreasonably dangerous products. 682 N.E.2d 1150, 1153 (Ill. App. Ct. 1997). The court concluded that "the unbound stacks of collapsed cartons did not constitute a 'product' within the meaning of section 402A." Id. at 1156. In reaching this conclusion, the court reasoned that "the evidence is clear that [the defendant] banded its cartons together in 250–unit bales for shipment and that the bands were not intended as an integral part of the cartons or their use." Id. Here, there are no such allegations related to the use of the container and whether it was an integral part of the product that Blackmon purchased.

To be sure, if discovery reveals that the container in which the plywood bales were shipped was simply meant for transporting the plywood and not part of the unit that was sold to Blackmon, then the container and the plywood are clearly not "integrated as a whole." But for the purposes of a motion to dismiss, in which the court may only consider the allegations in the complaint and must accept those allegations as true, the court cannot conclude as a matter of law that the container and plywood together is not a "product" based on the allegations before it.

As an additional note, the court is puzzled by the pleading of the negligence cause of action. It is unclear from the complaint whether Cook is pleading another products liability claim under a negligence theory, or if Cook is pleading an ordinary negligence claim. Therefore, the court instructs Cook to file an amended complaint by July 1, 2019 that clarifies his negligence cause of action.

## IV. CONCLUSION

For the foregoing reasons the court **DENIES** the motion to dismiss and orders Cook to amend his negligence cause of action by July 1, 2019.

**AND IT IS SO ORDERED.**

 

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**June 12, 2019
Charleston, South Carolina**