IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA BEAUFORT
DIVISION

| | | |
|---|---|---|
| MATT COOK AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID SLAGLE, III | ) ) ) | Case. No.**9:19-cv-01050-DCN** |
| Plaintiff, | ) ) | |
| vs. | ) ) | **PLAINTIFF'S MEMORANDUM IN** |
| BLUELINX CORPORATION, | ) | **OPPOSITION TO MOTION** |
| Defendant. | ) ) | |

The Plaintiff brings this action to recover damages caused when products of the Defendant fell on David Slagle, III, and crushed him to death. The Plaintiff contends that the product, as delivered by the Defendant, was in defective condition and such condition is the proximate cause of David Slagle, III's death. The Defendant contends that the product delivered was actually several products, none of which were defective, individually. Effectively, even though the Defendant delivered their product in haphazard manner which proximately caused David Slagle's death, Defendant contends the case, or at least some causes of action, should be dismissed on a 12(b)(6) motion. This is a renewal or subsequent motion pursuant to the court's instruction to develop the ownership of the container. Plaintiff shows that the Defendant's motion to dismiss should be denied.

Products liability is not a title issue. A lease has been held to be the equivalent of a sale in several cases. To the extent relevant, privity of contract was negated as a consideration, many years ago, see e.g. *Scott v. Fruehauf,* 302 S.C. 364, 396 S.E.2d 354 (1990). Justice Ness, in *JKT Co. v. Hancock,* 274 S.C. 413 (1980) stated "Today we seek to still all whispers of its continued existence".

Since a lease is a sale of a product, for a slice of time, and since the privity of contract is irrelevant, the fact that the package was only "owned" for a slice of time, but the contents was owned indefinitely, should dictate that the defendant "owned" both the package and the contents. The undersigned would not presume to instruct this court on the philosophy of products liability, but see e.g. *Fleming v. Borden, Inc*., 316 S.C. 452 (1999).

1

**STATEMENT OF FACTS**

Defendant was importing Russian plywood in steel shipping containers with wooden floors. It now appears that the containers were titled to the shipping line, but no one would seriously contend that the use of the container was not for some valuable consideration. The full container was loaded onto a ship for a long ocean voyage, to Charleston, S.C.. Except for the stresses of months at sea, including dramatic weather changes, like humidity, heat, and cold, the package arrived in Charleston, S.C., exactly like it left Russia. From there it arrived at the death scene, with the added stresses of unloading and trucking. The majority of the 2,200-pound bales were upright, like dominos. The bales were not secured in any way to the package, or even to each other. There was approximately one foot of clearance above the bales, to the top of the package, but the bales were directly on the floor, rather than on pallets or dunnage. The case is factually similar to <u>Wallace v. Owens Corning</u>, 300 S.C. 518 (1985), in that, at the time the Defendant caused or arranged the packaging of the 2,200 pound dominos, it knew that SOMEONE had to remove them. The decedent then removed them in the only known feasible manner. The Defendant created monolithic death-trap from products under its control, and the innocent Mr. Slagle sprang it. Plaintiff respectfully submits that the death-trap was a product.

The bales were not monolithic, like a safe or a refrigerator, but secured by thin metal bands, which had endured the bales shrinking and expanding, rocking on North Atlantic seas, and handling by cranes and forklifts. The only known, feasible, way to unload the package was to tilt the bale, to put dunnage under it, an operation only accomplished by a human. Even after the fatality, and the OSHA investigation, no other methodology was suggested. A fine, for something having no proximate relation to the crushing of Mr. Slagle, was the only OSHA sanction. The only suggested methodology change was to when the dunnage was retrieved by the human on foot.

As he was retrieving the dunnage in preparation for the return of the forklift, one of the 2,200-pound dominos fell on Mr. Slagle. Mr. Slagle's horrific death could have been easily prevented by any one or more of the following:

1. Simply stacking the bales on their widest surface, or at least on the longest edge;
2. Supplying pallets, dunnage, or perhaps steel pipes or bars, under the bales secured by removable

2

fasteners to the wooden floor, thus endangering only the forklift operator, who has a piece of machinery between him and the bales;

3. Securing the upright bales to hooks or rings added to the package/ container;
4. Having chains, straps, or rods between upright bales;

## LEASE

As Professor Means often stated to generations of S.C. law students, ownership of realty is a "bundle of rights". In <u>Stanley v. B.J. Montague</u>, 299 S.C. 51 (1989) the court stated "We can see no rational difference between the duty owned by the manufacturer of a chattel and the duty owed by the builder-vendor of a new structure" [i.e. real property]. Defendant owned that part of the bundle of rights of the container that gave it possession and control, at all times relevant hereto, <u>Bray v. Marathon,</u> 347 S.C. 189 (2001) involved a leased machine, as did <u>Scott</u> (supra). In <u>Henderson v. Gould, Inc.,</u> 288 S.C. 261 (1986) the Court explicitly held:

> Although Section 402A and Section 15-73-10 use the term :sells: and "seller", those terms are merely descriptive, and the doctrine of strict liability may be applied, if the requirements of its application are otherwise met, even though no sale has occurred, in the literal sense.

## CONCLUSION

Whether it was a lessee, bailee, or owner, the Defendant owned the property right, to possess both the plywood and the container, at the moment of death. This was clearly a property right in its entire package, see e.g. <u>Lott v. Claussen's Bread,</u> 228 S.C. 287 (1968).

The entire package was introduced into the stream of commerce by the Defendant and reached Mr. Slagle in the same condition as when Defendant caused or arranged, for it to leave Russia.

## NEGLIGENCE

It is unclear whether this motion addresses the negligence claim, but certainly a negligence claim would survive the dismissal of a strict liability cause of action, <u>Bragg v. Hi-Ranger, Inc.,</u> 319 S.C. 531, 462 S.E. 2d 321 (S.C. Ct. App. 1995).

Respectfully submitted.

                              LAW OFFICE OF
                DARRELL THOMAS JOHNSON, JR., LLC

                s/Darrell Thomas Johnson, Jr.
                Darrell T. Johnson, Jr.
                Fed ID#: 2190
                Joshua R. Fester
                Fed ID#:  12513
                Post Office Box 1125
                300 Main Street
                Hardeeville, South Carolina 29927
                Telephone: (843) 784-2142
                Facsimile: (843) 784-5770
                tdjohnson1@johnsonslawoffice.com
                Attorneys for Plaintiff

May 1, 2020