**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| MATT COOK, as personal representative of the estate of David Slagle, III, | ) ) ) | |
| Plaintiff, | ) ) | No. 9:19-cv-01050-DCN |
| vs. | ) ) | **ORDER** |
| BLUELINX CORPORATION, | ) ) | |
| Defendant. | ) ) | |

This matter is before the court on plaintiff Matt Cook's ("Cook") motion for reconsideration, ECF No. 30. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

This case arises from an incident that resulted in the death of David Slagle, III ("Slagle"). Slagle worked for Blackmon Warehouse Systems, Inc. ("Blackmon"). On March 6, 2016, Slagle was at work and helping unload bales of plywood from a steel shipping container when a bale fell on him and caused fatal injuries. Blackmon owned the warehouse where the plywood was being held on behalf of defendant BlueLinx Corporation ("BlueLinx").

Cook, the personal representative for the estate of Slagle, filed this action in state court on March 6, 2019, and BlueLinx removed the action on April 10, 2019. The amended complaint, which is the operative complaint, brought claims for strict liability, negligence, and breach of implied warranty. ECF No. 15. On April 17, 2020, BlueLinx filed a motion for summary judgment, ECF No. 23, which the court granted on May 27,

2020, ECF No. 28. Cook filed the instant motion to reconsider on June 5, 2020. ECF

No. 30. BlueLinx responded on June 19, 2020. ECF No. 31. Cook did not file a reply,

and the time to do so has passed. Therefore, the motion is ripe for review.

## II.  STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or

amend a judgment. The rule provides an "extraordinary remedy which should be used

sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)

(internal quotation marks omitted). The Fourth Circuit recognizes "only three limited

grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an

intervening change in controlling law; (2) to account for new evidence not available

earlier; or (3) to correct a clear error of law or prevent manifest injustice." Wilder v.

McCabe, 2012 WL 1565631, at *1 (D.S.C. May 2, 2012) (citing Hutchinson v. Staton,

994 F.2d 1076 (4th Cir. 1993)). "A party's mere disagreement with the court's ruling

does not warrant a Rule 59(e) motion, and such motion should not be used to 'rehash'

arguments previously presented or to submit evidence which should have been previously

submitted." Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works

LLC, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007).

## III.  DISCUSSION

First, a brief summary of this case's history is useful. At the beginning of this

case, BlueLinx filed a motion to dismiss, arguing that all of Cook's causes of actions

were based in products liability and that because the plywood and shipping container

together were not a "product" as a matter of law, Cook's claim must be dismissed. The

court denied that motion, as it was unable to determine the plywood and shipping

2

container were a "product" based on the allegations in the complaint.  The court also

expressed confusion over Cook's negligence cause of action because it was unclear

whether the claim was an ordinary negligence claim or a products liability claim under a

negligence theory.  As such, the court instructed Cook to file an amended complaint to

clarify his negligence claim.

Cook filed an amended complaint, and the parties conducted limited discovery.

BlueLinx then filed a motion for summary judgment, again arguing that the plywood and

shipping container together were not a "product" based on evidence revealed during

discovery.  In the motion, BlueLinx reviewed Cook's amended negligence claim and

concluded that Cook "clarified that he had indeed intended to assert negligent product

liability."  ECF No. 23 at 3–4 n.1.  Cook did not respond to this point; however, he did

argue that his negligence claim could survive even if his strict liability claim couldn't,

citing to a case that considered products liability claims based on a strict liability theory

and a negligence theory, Bragg v. Hi-Ranger, Inc., 462 S.E.2d 321 (S.C. Ct. App. 1995).

Bragg stands for the proposition that "it is possible under certain circumstances for a

supplier of products to be held liable under a negligence theory even though the supplier

is not strictly liable."  462 S.E.2d at 327.  Based on the foregoing and based on how Cook

pleaded his amended negligence claim, which the court examined on pages 3 and 4 of its

order, the court concluded that Cook's negligence claim was a products liability claim

based on a negligence theory, not an ordinary negligence claim.  Because all three of

Cook's causes of actions were products liability claims and because the court concluded

that the shipping container and plywood together were not a "product," the court granted

summary judgment in favor of BlueLinx.

Now Cook appears to argue that the court should reconsider its award of summary judgment on his negligence claim. He cites to various allegations in the amended complaint and argues that

> [t]he Complaint alleges Defendant set death traps as a routine part of its business. It sent these death traps to menial laborers all over the Country. It did not warn those who received the cocked and loaded death traps of what was behind the door. It failed to adopt rudimentary safeguards.

ECF No. 30-1 at 2. Cook then cites to an unidentified treatise to provide the definition of negligence and states that "[p]leadings are judged by the facts alleged therein, not the captions, labels, or the characterization by lawyers, even lawyers who 'completely miss the point'" and that "[u]nnecessary language or captions, etc. is 'mere surplusage.'" Id. at 3.

The court interprets this to mean that Cook believes the court should reconsider its order because his claim is an ordinary negligence claim, not a products liability claim. Cook cannot now argue for the first time that his claim is an ordinary negligence claim when he was afforded the opportunity to do so during summary judgment briefing and failed to do so. See Pac. Ins. Co., 148 F.3d at 403 ("Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment."). In fact, based on the sole case related to negligence that Cook cited in his response to the summary judgment motion, it appears that he agreed that his negligence claim was based in products liability and is now changing his tune, which is certainly inappropriate in a Rule 59(e) motion. While the court agrees that pleadings should be judged based on the alleged facts and not characterizations by lawyers, it was not the lawyers' characterization of Cook's claim that led the court to conclude that the claim

was a products liability claim.  It was the facts alleged in Cook's amended negligence claim and the arguments that the lawyers presented in the summary judgment briefing.

In sum, Cook's argument that his claim is one based in ordinary negligence is too little too late.  The court afforded Cook an opportunity to clear up any confusion related to this issue early on in this case, Cook had the opportunity to respond to BlueLinx's position that the claim was a products liability claim based on a theory of negligence, and most importantly, Cook himself appeared to concede that his claim was based in products liability by citing to <u>Bragg</u>.  Therefore, the court declines to alter or amend its ruling.

## IV.   CONCLUSION

For the foregoing reasons, the court **DENIES** Cook's motion for reconsideration.

**AND IT IS SO ORDERED.**

_____

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 2, 2020**
**Charleston, South Carolina**